# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

Lyle W. Cayce
Clerk

No. 10-40048

MINI MELTS, INCORPORATED,

> Plaintiff - Appellant - Cross-Appellee

v.

RECKITT BENCKISER, INCORPORATED,

> Defendant - Appellee - Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-cv-271

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Under a federally registered trademark, Mini Melts, Incorporated, markets small, cryogenically frozen pieces of ice cream: MINI MELTS®. Reckitt Benckiser, Incorporated, markets, *inter alia*, a granulated form of Mucinex® cough and cold medicine for children: Children's Mucinex Mini-Melts. A jury trial was held on Mini Melts' trademark-infringement and unfair-competition claims against Reckitt, pursuant to 15 U.S.C. § 1114, and Reckitt's counterclaim seeking cancellation of Mini Melts' trademark due to fraud, pursuant to 15

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1064; a subsequent bench trial, on Mini Melts' claim for trademark dilution by tarnishment, pursuant to TEX. BUS. & COM. CODE ANN. § 16.29.

On 25 June 2009, the jury found:  Mini Melts had not made a false representation in obtaining its trademark; but Reckitt had not used that mark in a manner likely, *inter alia*, to cause confusion or mistake.  For the subsequent bench trial, at which the evidence from the jury trial, as well as additional evidence, was considered, and pursuant to 21 December 2009 findings of fact and conclusions of law, the district court ruled in favor of Reckitt, ruling, *inter alia*: "[Reckitt's] marketing of its cough and cold medicine Children's Mucinex Mini-Melts has not and is not likely to tarnish [Mini Melts'] reputation[; and Reckitt] has not diluted, nor is there a likelihood of dilution of, the MINI MELTS® mark pursuant to the Texas anti-dilution statute".  *Mini Melts, Inc. v. Reckitt Benckiser, Inc.*, No. 4:07-cv-271, doc. 240 (findings of fact & conclusions of law) (E.D. Tex. 21 Dec. 2009).

Mini Melts contends the district court erred:  in the jury trial, by not including danger of product confusion and safety considerations in the trademark-infringement jury instructions; and, in the bench trial, by both requiring a higher standard of distinctiveness for tarnishment and concluding that Reckitt had not tarnished Mini Melts' trademark and that Mini Melts had not suffered injury to its business reputation and trademark.  Reckitt counters, *inter alia*, that Mini Melts' federal trademark registration should be canceled. (Because we uphold that portion of the 22 December 2009 final judgment regarding the jury's finding against Mini Melts, we need not reach Reckitt's cancellation-of-trademark-registration claim.)  Pursuant to our review of the briefs and pertinent parts of the record, and having heard the arguments of the parties, Mini Melts' claims fail.

The district court did not abuse its discretion by refusing the instruction because, *inter alia*, on this record, safety considerations and danger to public health were not within the factors to be considered in deciding likelihood of

confusion *vel non*.  And, essentially for the reasons stated in its findings of fact and conclusions of law, the district court did not err in ruling against Mini Melts' claim under the Texas anti-dilution statute.

AFFIRMED.